IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| RICHARD KLIEWER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FENDER MUSICAL INSTRUMENTS CORPORATION,<br><br>Defendant. | NO.<br><br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 AND THE OREGON UNLAWFUL TRADE PRACTICES ACT, ORS 646.569 & 646.607<br><br>DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff, RICHARD KLIEWER, on behalf of himself and others similarly situated and complains against FENDER MUSICAL INSTRUMENTS CORP., and alleges as follows:

## I. INTRODUCTION

1. The Telephone Consumer Protection Act prohibits unwanted solicitation calls.

2. Fender Musical Instruments Corp., is an abusive telemarketer – it continues text messaging consumers without consent and continues texting after the recipient asks for the calls to stop.

3. As former Senator Fritz Hollings once stated:



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

> "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

4. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

## II. PARTIES, JURISDICTION & VENUE

5. The Plaintiff is a resident of Portland Oregon and was a resident of Portland Oregon at all times material to this complaint.

6. Fender Musical Instruments Corporation, ("Defendant") is a Delaware corporation operating in Arizona with principal address at 17600 North Perimeter Drive, Scottsdale, AZ 85255.

7. According to the Oregon Secretary of State's website, Defendant's registered agent in Oregon is the Corporation Service Company at 1127 Broadway ST NE Ste. 310, Salem OR 97301.

8. This Court has subject-matter jurisdiction over the Plaintiff's claims under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, pursuant to 28 U.S.C. § 1331 because those claims arise under the laws of the United States. This Court has supplemental jurisdiction over the Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the TCPA claims that they form part of the same case or controversy.

9. This Court has specific personal jurisdiction over Defendant because Defendant purposefully directed its marketing at Oregon by sending the text message solicitations at issue to the Plaintiff, an Oregon resident, and has purposefully availed itself of the privilege of conducting business activities within Oregon, including by registering to transact business here. The Plaintiff's claims arise directly out of or relate to those activities.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendant is subject to personal jurisdiction in this District and therefore resides here for venue purposes, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the Plaintiff's claims occurred in this District, where the Plaintiff resides and received many of Defendant's text messages. Assignment to the Portland Division is proper under LR 3-2.

## III. FACTUAL ALLEGATIONS

**Lead Plaintiff Richard Kliewer**

11. For over 10 years the Plaintiff was the regular user of the cell phone number that received the calls.

12. The Plaintiff placed his own phone number on the Federal Trade Commission's National Do-Not-Call Registry on November 13, 2025.

13. The Plaintiff's phone number was tied to a cell phone that the Plaintiff used as his residential phone line.

14. The Plaintiff used his cell phone number for personal use only, as one would use what used to be referred to colloquially as a "landline."

15. He used to call and text friends and family and to live his private life.

16. Plaintiff did not consent to receiving telemarketing calls or text messages from the Defendant prior to receiving the calls at issue and Plaintiff twice used reasonable means to demand the Defendant to stop calling and texting.

**The Calls**

17. For the last four years, the Plaintiff has received unwanted solicitation calls and text messages advertising from the Defendant.

18. The Defendant sells goods and services through its website https://fender.com.

19. The Plaintiff is not and has never been a Fender customer or client.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

20. The following is a non-exhaustive list of text messages the Plaintiff received from the Defendant over the last four years, each one promoting its products and services.

| Call # | Date | Calling # |
|---|---|---|
| 1 | 9/5/2025 | 71642 |
| 2 | 9/9/2025 | 71642 |
| 3 | 9/12/2025 | 71642 |
| 4 | 9/14/2025 | 71642 |
| 5 | 9/16/2025 | 71642 |
| 6 | 9/18/2025 | 71642 |
| 7 | 9/20/2025 | 71642 |
| 8 | 9/25/2025 | 71642 |
| 9 | 9/27/2025 | 71642 |
| 10 | 9/30/2025 | 71642 |
| 11 | 10/3/2025 | 71642 |
| 12 | 10/5/2025 | 71642 |
| 13 | 10/7/2025 | 71642 |
| 14 | 10/10/2025 | 71642 |
| 15 | 10/12/2025 | 71642 |
| 16 | 10/14/2025 | 71642 |
| 17 | 10/17/2025 | 71642 |
| 18 | 10/19/2025 | 71642 |
| 19 | 10/21/2025 | 71642 |
| 20 | 10/23/2025 | 71642 |
| 21 | 10/24/2025 | 71642 |
| 22 | 10/26/2025 | 71642 |
| 23 | 10/28/2025 | 71642 |
| 24 | 10/29/2025 | 71642 |
| 25 | 10/31/2025 | 71642 |
| 26 | 11/2/2025 | 71642 |
| 27 | 11/4/2025 | 71642 |
| 28 | 11/5/2025 | 71642 |
| 29 | 11/7/2025 | 71642 |
| 30 | 11/10/2025 | 71642 |
| On 11/10/2025 the Plaintiff used a reasonable written means to send Fender a do-not-call request and stated a desire to not be called and texted again. | | |
| 31 | 11/11/2025 | 71642 |
| 32 | 11/13/2025 | 71642 |



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

| | | |
|---|---|---|
| On 11/13/2025 the Plaintiff registered his phone number on the FTC's national do-not-call registry | | |
| 33 | 11/16/2025 | 71642 |
| 34 | 11/19/2025 | 71642 |
| 35 | 11/22/2025 | 71642 |
| 36 | 11/24/2025 | 71642 |
| 37 | 11/26/2025 | 71642 |
| 38 | 11/28/2025 | 71642 |
| 39 | 12/1/2025 | 71642 |
| 40 | 12/2/2025 | 71642 |
| 41 | 12/3/2025 | 71642 |
| 42 | 12/5/2025 | 71642 |
| 43 | 12/7/2025 | 71642 |
| 44 | 12/10/2025 | 71642 |
| 45 | 12/12/2025 | 71642 |
| 46 | 12/16/2025 | 71642 |
| 47 | 12/17/2025 | 71642 |
| 48 | 12/23/2025 | 71642 |
| 49 | 12/26/2025 | 71642 |
| 50 | 12/28/2025 | 71642 |
| On 12/29/2025 the Plaintiff used a reasonable written means to send Fender a do-not-call request and stated a desire to not be called and texted again. His communication included that he was a flagger working a significant number of hours and the text messages were a distraction from his job. | | |
| 51 | 2/6/2026 | 71642 |
| 52 | 2/7/2026 | 71642 |
| 53 | 2/13/2026 | 71642 |
| 54 | 2/13/2026 | 71642 |
| 55 | 2/15/2026 | 71642 |
| 56 | 2/17/2026 | 71642 |
| 57 | 2/24/2026 | 71642 |
| 58 | 2/25/2026 | 71642 |

21. On 11/10/2025 the Plaintiff sent the Defendant a letter demanding the Defendant to put his phone number on their do not call list.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

22. Despite this, the Defendant continued to send text messages to Plaintiff from their SMS short code 71642 promoting Fender's goods and services.

23. On 12/29/2025 the Plaintiff again sent the Defendant a letter demanding the Defendant to put his phone number on their do not call list and specifically told it that he was a flagger working a significant number of hours and the text messages were a distraction from his job.

24. Despite this, the Defendant continued to send the Plaintiff text messages from its SMS short code 71642 promoting Fender's goods and services.

25. The Defendant sent the Plaintiff more than two similar text messages more than 10 days after they received the Plaintiff's second *do-not-call* request.

26. Like the previous texts, none of these text messages identified the legal name of the entity whose goods and services were being solicited, or the legal name of the entity who transmitted the commercial electronic text messages.

27. These calls and texts annoyed and harassed the Plaintiff, wasted his time, and invaded his privacy and seclusion.

## IV. CLASS ACTION

28. The Plaintiff brings this class action lawsuit pursuant to FRCP 23 and seeks certification of the following Classes:

**NATIONWIDE CLASSES**

> **DNCR Class**: The Plaintiff and all persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) the person received more than one telemarketing call from the Defendant, or from a third party acting on the Defendant's behalf, (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

> **False or misleading Caller ID class**: The Plaintiff and all persons within the United States who at any time within the four years prior to the filing of the Complaint, received a telemarketing call from the Defendant, or from a third party acting on the Defendant's behalf, without receiving a phone number on their caller ID that would permit the called party to make a do-not-call request during regular



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

business hours or did not receive the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed on their caller ID.

**Procedures Class:** All persons within the United States to whom: (1) the Defendant, or a third party acting on the Defendant's behalf, sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**OREGON CLASSES**

**ORS Do Not Call Class:** All Oregon residents who, on or after January 1, 2026, and within one year before the filing of this Complaint, received a text message or call from Defendant, or from a third party acting on Defendant's behalf, encouraging the purchase of Defendant's goods or services, at a time when that telephone number had been listed on the National Do-Not-Call Registry for at least 31 days.

**FRCP 23(a)**

29. **Numerosity:** The exact number of Class members is unknown but based on the en masse nature of telemarketing it is believed to be at least thousands of persons at this time, such that individual joinder in this case is impracticable. Class members can be easily identified through Defendants' records.

30. **Commonality** There are many questions of law and fact common to the claims of Plaintiff and members of the Classes.

31. **Typicality:** The Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of the Defendants' telemarketing calls and text messages and Class members sustained similar injuries and damages as a result of the Defendants' uniform illegal conduct.

32. **Adequacy & risk of inconsistency**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. The Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and the Defendants have no defenses unique to Plaintiff.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

**FRCP 23(b)**

33. **Risk of harm to Class interests:** The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, harm the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

34. **Risk of inconsistent or varying adjudication:** The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct of the Defendants.

35. **Defendants' actions are universal to Classes**: The Defendants have acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole.

36. **Commonality and Predominancy:** There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

a. Whether the Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. Whether the Defendant obtained "prior express invitation or permission" under the TCPA before the calls at issue?

c. Whether the Defendant made calls to Plaintiff and members of the Internal DNC class after having been requested that such calls cease;

d. Whether the Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations?

e. The number of text messages the Defendant sent to persons located in the United States and Oregon State.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

f. Whether the Defendant is liable for text messages sent to Plaintiff and proposed classes?

g. Damages, including whether any violations were performed willfully or knowingly, such that the Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5)(C).

h. Whether the Defendant and its agents transmitted CPN or ANI and its name in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID class, and whether such numbers could have been called during regular business hours to lodge a do not call request;

i. Whether the Defendant transmitted inaccurate or misleading caller ID;

j. Whether the Defendant constitutes a violation of the TCPA and state law regulations; and

k. Whether members of the Classes are entitled to treble damages based on the willfulness of the Defendant's conduct.

l. Whether Defendant's telephone solicitations to members of the ORS Do Not Call Class were made recklessly or knowingly, within the meaning of ORS 646.638(8).

37. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

38. **Exclusions:** Excluded from the Classes are the Defendants and any entities in which the Defendants have a controlling interest; the Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

## V. CAUSES OF ACTION
## ALLEGATIONS APPLICABLE TO ALL COUNTS

39. The Defendant is a "seller" as defined by 47 CFR § 64.1200(f)(10).

40. The Defendant is a "telemarketer" as defined by 47 CFR § 64.1200(f)(12).

41. All of the calls the Defendant initiated to the Plaintiff and proposed Classes were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

42. The Defendant made "telephone solicitations" as defined by ORS 646.567(5) to the Plaintiff.

43. The calls and texts were initiated to encourage the Plaintiff to purchase goods and/or services from Fender.

44. The Ninth Circuit has long held that a text message is a "call" under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952–54 (9th Cir. 2009); *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119 (9th Cir. 2026) (reaffirming, without reliance on agency deference, that a text message is a "call" under the TCPA). Each text the Defendant sent the Plaintiff was a "telephone call" under 47 U.S.C. § 227(c)(5).

45. Recently a Court in this District allowed claims under 47 U.S.C. § 227(c)(5) to proceed on text messages sent to numbers on the National Do-Not-Call Registry. *See Wilson v. Skopos Fin., LLC,* No. 6:25-cv-00376-MC, 2025 LX 230479 (D. Or. July 21, 2025).

46. The phone ringing and dinging and reading sales pitches take time, cause annoyance, and are obnoxious. They are an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

47. Answering the phone takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

48. Trying to figure out who is behind the calls is obnoxious and costs the Plaintiff time.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

49. The phone chirping and buzzing from unwanted text messages is obnoxious, an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

50. Looking at who is texting and removing the unwanted text messages takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

51. Trying to figure out who is behind the text message is obnoxious and costs the Plaintiff time.

**COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c)**

52. Pursuant to 47 U.S.C. § 227(c), it is unlawful for a person to initiate telephone solicitation to residential telephone subscribers who have registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

53. The Plaintiff re-alleges the previous paragraphs supra.

54. The Plaintiff registered his telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations that is maintained by the Federal Government more than 31 days prior the calls subject to 47 CFR § 64.1200(c)(2).

55. The Defendant violated 47 U.S.C. § 227(c)(2) by calling and texting the Plaintiff's telephone without invitation or consent.

56. No exception under 47 C.F.R. § 64.1200 or 47 U.S.C. § 227 applies to the communications.

57. The Plaintiff told the Defendant multiple times that he wasn't interested in their services and specifically asked the Defendant to stop contacting him, yet the Defendant ignored those requests and continued soliciting the Plaintiff by telephone.

58. The Defendant violated 47 U.S.C. § 227(c) on no fewer than fifty-eight (58) occasions.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

59. The Plaintiff has been damaged and injured as a result of these actions.

60. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 2 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)**

61. Pursuant to 47 C.F.R. § 64.1200(d), no entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

62. The Plaintiff re-alleges the previous paragraphs supra.

63. The Defendant did not have procedures for maintaining a list of persons who request not to receive such calls.

64. Plaintiff made a do-not-call request to the Defendant, but the Defendant continued to telephone solicit him because it did not have a list.

65. The Defendant violated 47 C.F.R. § 64.1200(d) on no fewer than fifty-eight (58) occasions.

66. The Plaintiff has been damaged and injured as a result of these actions.

67. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(3)**

69. Under 47 C.F.R. § 64.1200(d)(3), if a person making any call for telemarketing purposes receives a request from a residential telephone subscriber to not receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

70. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request.

71. The Plaintiff made that do not call request to the Defendant, and the Defendant either did not record the request or did not honor it and then continued calling the Plaintiff with telephone solicitations.

72. The Plaintiff re-alleges the previous paragraphs supra.

73. The Defendant is unwilling or unable to comply with 47 C.F.R. § 64.1200(d)(3) and thereby violated 47 C.F.R. § 64.1200(d) on no fewer than fifty-eight (58) occasions

74. The Plaintiff has been damaged and injured as a result of these actions.

75. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 4 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(4)**

76. Pursuant to 47 C.F.R. § 64.1200(d)(4), all artificial or prerecorded voice telephone messages or *any* call for telemarketing purposes shall identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

77. The Plaintiff re-alleges the previous paragraphs supra.

78. The Defendant placed calls and text messages that never identified the name of the individual caller/texter, the name of the person or entity on whose behalf the call/text is being made, and the telephone number or address at which the person or entity may be contacted to the Plaintiff.

79. Instead, the Defendant used generic names or didn't give a name at all.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

80. The Defendant is unwilling or unable to comply with 47 C.F.R § 64.1200(d)(4) which puts it in violation of 47 C.F.R § 64.1200(d).

81. Therefore, the Defendant has violated 47 C.F.R. § 64.1200(d) on no fewer than fifty-eight (58) occasions.

82. The Plaintiff has been damaged and injured as a result of these actions.

83. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 5 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(5)**

84. 47 C.F.R § 64.1200(d) states that no person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

85. 47 C.F.R § 64.1200(d)(5) states that in the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular entity making the call (or on whose behalf a call is made).

86. The Plaintiff repeatedly asked the Defendant to stop calling him.

87. The Defendant is unwilling or unable to comply with 47 C.F.R § 64.1200(d)(5) which puts it in violation of 47 C.F.R § 64.1200(d).

88. Therefore, the Defendant has violated 47 C.F.R. § 64.1200(d)(5) on no fewer than fifty-eight (58) occasions.

89. The Plaintiff has been damaged and injured as a result of these actions.

90. The Defendant's action was willful or knowing, and therefore the Plaintiff's damages should be trebled.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

**COUNT 6 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1601(e)**

91. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

92. It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

93. The Plaintiff re-alleges the previous paragraphs supra.

94. The Defendant violated the TCPA by causing multiple telemarketing calls and texts to be initiated to Plaintiff in a 12-month period, without providing a CPN or ANI that allowed any individual to make a do-not-call request during regular business hours, and by not transmitting the caller ID information required by law.

95. That information must include the name of the telemarketer or the seller when available by the telemarketer's carrier, and it must transmit a telephone number such that any individual could make a do-not-call request to the telemarketer or seller during regular business hours.

96. The Defendant did neither.

97. The Defendant's phone carrier allowed them to transmit the name of the telemarketer or seller, and the Defendant chose not to transmit this information on any call to Plaintiff.

98. The Defendant chose not to transmit a telephone number such that Plaintiff could make a do-not-call request to the telemarketer or seller during regular business hours.

99. Therefore, the Defendant has violated 47 C.F.R. § 64.1601(e) on no fewer than fifty-eight (58) occasions.

100. The Plaintiff has been damaged and injured as a result of these actions.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

101. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 7 – OREGON UNLAWFUL TRADE PRACTICES ACT**
**ORS 646.569**

103. ORS 646.569 prohibits Telephone Solicitation of a party at a telephone number included on the national *do-not-call* registry.

104. The Plaintiff's phone number was registered on the national *do-not-call* registry and the Defendant Telephone Solicited it as described above.

105. The Plaintiff re-alleges the previous paragraphs supra.

106. ORS 646.608(1)(ff) establishes that violations of ORS 646.569 are automatic violations of the Oregon Unlawful Trade Practices Act.

107. Therefore, the Defendant has violated the Oregon Unlawful Trade Practices Act on no fewer than fifteen (15) occasions.

108. Defendant's violations of ORS 646.569 were knowing, or at minimum reckless. The National Do-Not-Call Registry is publicly available to sellers and telemarketers, and scrubbing marketing lists against it before sending telephone solicitations is a basic and widely followed practice. Defendant is a large, sophisticated national seller that conducts recurring text-message marketing campaigns, and it either knew that it was sending telephone solicitations to numbers on the Registry or consciously disregarded a substantial and unjustifiable risk that it was doing so.

109. As a result of these knowing and reckless initiated subsequent telephone solicitations to the Plaintiff's phone number, the Plaintiff suffered an ascertainable loss through the degradation of phone, the loss of use while it was preoccupied with the subsequent telephone solicitations, loss of storage space on the cellular telephone, invasion of the Plaintiffs seclusion and privacy, and cost of postage to ask the Defendant to cease its subsequent telephone solicitations.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

**COUNT 8 – INJUNCTIVE RELIEF**

110. Pursuant to 47 U.S.C. § 227(c)(5)(A), an individual may bring a private action to enjoin violations of the Telephone Consumer Protection Act.

111. Pursuant to ORS 646.638(1) & 646.638(8)(c), an individual may ask for equitable relief, including asking the court to enjoin violations of the Oregon Unlawful Trade Practices Act.

113. The Plaintiff re-alleges the previous paragraphs supra.

114. The Plaintiff does seek injunctive relief from this Court to enjoin the Defendant's harmful actions towards persons within the United States and Oregon State in the manner described above.

115. Specifically, The Plaintiff seeks injunctions prohibiting the Defendant's from acting in any manner at odds with 47 U.S.C.§ 227(c), 47 C.F.R. § 64.1200, 47 C.F.R. § 64.1601 and ORS 646.569.

116. The Defendant's actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

117. Injunctive relief is necessary to prevent further harm and injury to the Plaintiff and to the Oregon State public as well.

118. Injunctive relief should therefore be granted by this Court.

## VI. JURY DEMAND

119. The Plaintiff demands a trial by jury.

## VII. PRAYER FOR RELIEF

120. WHEREFORE, the Plaintiff prays that the proposed Classes be certified under FRCP 23, and that the Plaintiff and his counsel be appointed to represent the Classes and for judgment be entered against the Defendants for:

121. The Plaintiff's actual damages;



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

122. For statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;

123. For statutory damages of $200.00 per violation of the Oregon Unlawful Trade Practices Act for the Plaintiff, and $200.00 per member of the ORS Do Not Call Class under ORS 646.638(8)(a).

124. For punitive damages pursuant to ORS 646.638(1) & ORS 646.638(8)(b);

125. For treble damages pursuant to 47 U.S.C. § 227(c)(5)(C);

126. For the Plaintiff's costs and attorney's fees pursuant to ORS 646.638(3);

127. For all injunctive relief as pleaded for above;

128. For any and all other relief this Court deems proper.

DATED October 13, 2026.

NORTHWEST DEBT RESOLUTION, LLC

/s/ Peter Schneider

Peter Schneider, OSB# 220318
10900 NE 4th Street, Ste. 2300
Bellevue, WA 98004
PH: 971-800-6000
FX: 206-800-6015
Peter@nwdebtresolution.com
*Attorney for Plaintiff*